NicholsoN, C. J.,
delivered the opinion of tbe Court.
Liford sued Hurst in ejectment, in the Circuit Court of Claiborne county, to recover a tract of land. Plaintiff claimed title under a sheriff’s deed, and the only question in this case is, whether the evidence shows such a judgment, execution, levy and sale as enabled the sheriff to communicate to plaintiff, who was the purchaser, a good title?
It appears that on the 23d of October, 1865, Li-ford commenced his suit by original attachment, in the Circuit Court of Claiborne county, against Hurst and others. The writ of attachment was levied on the land in controversy on the same day. No publication or order of publication was made.
'On the 5th of July, 1866, Liford issued a summons for Hurst, which was executed on him on the 20th of March, 1867, returnable to the May Term, 1867. Declaration was filed, which recites that Hurst was “ before the court by summons and attachment summons.” Hurst put in several pleas — some of which demurred to, and on other there were issues. The cause was continued from term to term, until May, 1868, when the defendant by agreement, withdrew his pleas and confessed judgment for $600, for which judgment was rendered as follows: “ It is therefore considered by the court, that the plaintiff recover of the defendant, John Hurst, the said sum of six hundred *624 dollars, the damages aforesaid confessed, and also all the costs of this suit, for which execution may issue.”'
The record fails to show whether any execution issued on this judgment or not, nor does it show that the clerk issued a venditioni exponas for the sale of the land under the levy made upon the attachment— but the sheriff in his deed recites, that on this judgment an order of sale, was issued by the clerk, which come to the hands of Chadwick, sheriff, who, in obedience thereto, advertised, etc., and on the 3d of August, 1868, sold said tract of land so attached, etc.
From this it is apparent that no execution was issued and levied upon the land, but that the clerk issued a venditioni exponas, ordering the sheriff to sell under the levy made on the attachment. It follows that the validity of plaintiff’s title depended entirely upon the authority of the clerk to issue a venditioni exponas instead of a fieri facias. If it be conceded, that Liford did not abandon his proceeding by original attachment, by resorting to a summons to bring Hurst into court, it is well settled that when the judgment was rendered, the plaintiff had the election to resort to the enforcement of his recovery under the attachment, by venditioni exponas, or to rely simply upon his fieri facias. It is also settled, that if he rely upon his fieri facias, he thereby waives the lien of his attachment. 2 Tenn. R., 273; 1 Swan, 211. The time to make the election is when the judgment against the person is rendered. In this case plaintiff elected to rely upon an execution, and he thereby waived his right to resort to his attachment lien. *625 The clerk had no power to issue any other'writ than that prescribed in the judgment. His issuance of a venditioni exponas to enforce the attachment levy was unauthorized and void. It follows that plaintiff got no title by his purchase at sheriff's sale, or by the sheriff’s deed.
The judgment is reversed.